IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                                          CRIMINAL NO. 1:01cr65WJG
                                                                                CIVIL ACTION NO. 1:06cv1153WJG

DANNY EARL MCDANIEL

O R D E R

THIS CAUSE is before the Court on Defendant Danny Earl McDaniel's motion [52-1] to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

In December 2001, McDaniel was convicted by guilty plea to one count of possession of fictitious obligations and was sentenced to twenty-seven months imprisonment, five years supervised release and $26,500.00 in restitution.  On December 6, 2002, McDaniel filed his first motion to vacate, which was denied on July 12, 2004.  (Ct. R., Doc. 38.)  McDaniel's motion for a certificate of appealability [COA], was denied on February 20, 2006.  (Ct. R., Doc. 46.)  On March 30, 2006, McDaniel filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied on June 23, 2006.  (Ct. R., Doc. 51.)

The current motion, filed November 20, 2006, argues that the motion filed in March 2006 was improperly characterized as a "second or successive" habeas motion, and should not have directed him to seek certification from the Fifth Circuit Court of Appeals to proceed with his petition.  (Ct. R., Doc. 53, p. 4.)  The Antiterrorism and Effective Death Penalty Act of 1996

[AEDPA] precludes federal prisoners from filing a "second or successive" motion to vacate in federal court without pre-approval from the court of appeals.  28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).

A subsequent motion to vacate is "second or successive" and subject to restrictions under the AEDPA when the motion:  (1) raises a claim challenging the movant's conviction or sentence that was or could have been raised in an earlier motion; or (2) otherwise constitutes an abuse of the writ.  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  A district court lacks jurisdiction to decide the merits of an unauthorized second or successive motion.  *See Dison v. Whitley,* 20 F.3d 185, 186 (5th Cir. 1994); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998).  Although McDaniel contends that his second motion should have been treated as a motion to amend the first petition, his second petition did not attack the denial of his initial motion, but raised a new claims attacking his sentence. (Ct. R., Docs. 51, 53, p. 3.)   A motion to amend a petition is correctly construed as a successive 28 U.S.C. § 2255 motion and should be transferred to appeals court for authorization.  *See United States v. Rich,* 141 F.3d 550, 551-3 (5th Cir. 1998).  As a result, the Court finds that McDaniel's motion under section 2255 should be dismissed without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive section 2255 motion pursuant to 28 U.S.C. § 2255 and § 2244(b)(3)(A).  It is therefore,

ORDERED that McDaniel's motion [52-1] to vacate, set-aside or correct sentence be, and is hereby, denied.

SO ORDERED this the 12th day of December, 2006.

                     *Walter J. Gex, III*
                   UNITED STATES SENIOR DISTRICT JUDGE